UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME SERVICED BY GODADDY.COM, LLC | ML No. 23-194 |

*Reference:*   *DOJ Ref. # CRM-182-76331; Subject Account: swisstrade.exchange*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require GoDaddy.com, LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Tempe, Arizona, to disclose certain records and other information pertaining to the PROVIDER account associated with swisstrade.exchange, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this

application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

2

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Poland are investigating G.R. and other individuals for fraud offenses, which occurred from at least September 2019 until July 2020, in violation of the criminal law of Poland, specifically, Article 286 of the Criminal Code of Poland. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, in or about September 2019, a man residing in Poland (the "victim") was contacted via telephone by an individual (the "suspect") claiming to be a representative of an investment company called SwissTrade Exchange. SwissTrade Exchange purported to have knowledge and experience in investing in FOREX and CFD contracts markets. After several telephone calls with the suspect and the suspect's accomplices (collectively, the "suspects"), at the direction of the suspects, the victim opened an account (the "account") on January 30, 2020 on the purported trading platform www.swisstrade.exchange to invest in purported cash pairs, contracts for gold, and TESLA company shares. At the time that the victim opened the account, the suspects instructed the victim via telephone to deposit PLN 5,000 (approximately USD 1,250) to a bank account designated by the suspects. The purpose of the transfer was purportedly to credit the account. The victim was also contacted by the suspects via e-mail with the suspects using the e-mail account biuro@swisstrade.exchange.

7. The victim was thereafter repeatedly contacted by the suspects, who continued to claim they were representatives of SwissTrade Exchange, and was convinced to make additional investments. As a result, from April 22, 2020 until June 24, 2020, the victim made four more bank transfers to a bank account designated by the suspects. In total, the victim invested an additional PLN 122,600 (then approximately USD 30,650).

8. Thereafter, the victim was contacted by another suspect claiming to be his "financial advisor" from SwissTrade Exchange. The financial advisor tried to convince the victim to make additional investments in order to secure the account. At this time, the victim suspected he had been defrauded and reported the conduct to Polish authorities. The victim

never recovered any of his funds.

9. Polish authorities have identified several suspects, including G.R., who are suspected of running the fraudulent SwissTrade Exchange platform. Polish authorities estimate that the suspects defrauded Polish and other European residents in the amount of at least PLN 10,466,189 (approximately USD 41,864,756) and EUR 745,453 (approximately USD 842,362).

10. The domain swisstrade.exchange is registered by PROVIDER. As a result, Polish authorities seek records from PROVIDER in an effort to determine the nature and scope of the suspects' criminal activities.

## REQUEST FOR ORDER

11. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Martyna Pospieszalska
Trial Attorney
NY Bar Number 5018528
Office of International Affairs
Criminal Division, Department of Justice

5

1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 598-8012 telephone
(202) 514-0080 facsimile
Martyna.Pospieszalska@usdoj.gov

## **Relevant Provision of the Criminal Code of Poland**

**Article 286**

**Section 1.** Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer his/her property or third-party property, by misleading such person, or taking advantage of his/her mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of six months to eight years.